IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GBEKE MICHAEL AWALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 06-1456 |
| R. STEPANOVICH, Program Manager; ) | |
| G MITAL, Librarian; ) | Judge Joy Flowers Conti/ |
| Major NEWMAN, Security; ) | Magistrate Judge Amy Reynolds Hay |
| D. CRIBBS, Case Manager, and ) | |
| K. WILKINSON, Grievance ) | |
| Coordinator; ) | |
| ) | |
| Defendants ) | |

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is recommended that the case be dismissed due to Plaintiff's failure to prosecute.

II.   REPORT

Plaintiff, Gbeke Michael Awala, has presented a civil rights complaint which he has sought leave to prosecute in forma pauperis. His original in forma pauperis application, however, was deficient and, consequently, Plaintiff was ordered to remedy the deficiencies or face dismissal [Dkt. Nos. 1, 2]. Having failed to do so, a report was filed, recommending dismissal of the case for failure to prosecute [Dkt. No. 6]. Thereafter, Plaintiff filed a document entitled "Motion for Continuance...," wherein he offered an excuse as to why he failed to comply with the court's order in a timely manner [Dkt. No. 7]. In addition, he filed a second motion to proceed in forma pauperis wherein, having signed the application this time, he remedied only one of the defects [Dkt. No. 8]. Although Plaintiff also indicated that the prison officer required to sign the certificate refused to do so, the court notes that the official signed the certificate in another suit filed by Plaintiff on January 29, 2007, in the District of Delaware in Awala v. Chief

Judge Sue L. Robinson, C.A. No. 07-61 (D. Del.).  In addition, the account summary that Plaintiff provided to the court was virtually illegible and included only three months time, i.e., September 29, 2006 until November 6, 2006, which was still inadequate [Dkt. No. 8, p. 5].  See 28 U.S.C. § 1915(b)(1)(B).  As such, on February 7, 2007, the court issued an Order directing Plaintiff to file a prisoner account statement showing the last six months of deposits and expenditures, i.e., from roughly August 2006 to the present [Dkt. No. 11].  In addition, Plaintiff was directed to obtain the signature of the appropriate official or, if the official refuses to sign, a copy of any grievances that he filed in order to resolve the official's alleged refusal to sign. Plaintiff was also advised that failure to file the required certified statement by March 1, 2007, could result in the case being dismissed for failure to prosecute.  Id.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369, 1374 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir.1984), are as follows:

>(1) The extent of the party's personal responsibility.
>
>(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
>(3) A history of dilatoriness.
>
>(4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
>(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
>(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this court's orders. Compliance with the orders was Plaintiff's personal responsibility and his continuing failure to do so appears willful and constitutes a history of dilatoriness.  With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this court's orders -- there appears to be no specific prejudice to defendants other than general delay as the complaint has not yet been filed or served.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the Plaintiff filed this action seeking to proceed in forma pauperis, it does not appear that monetary sanctions are appropriate.  Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, 964 F.2d at 1373; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

               Respectfully submitted,

               §/   Amy Reynolds Hay
               United States Magistrate Judge

Date: 15 March, 2007

cc:  Honorable Joy Flowers Conti

United States District Judge

Gbeke Michael Awala
82074-054
M.V.C.C.
P.O. Box 2000
Philipsburg, PA 16866